## TIMOTHY P. IDE *vs.* EZRA INGRAHAM.

An acknowledgment, signed with the partnership name, after a dissolution of the partnership, by one partner, (especially if authorized to settle the business of the firm,) of a balance due from the partnership in a course of dealing proved by other evidence, is admissible against the other partner in a suit against both, although the trial proceed against that one alone, the writ having been served on him only.

ACTION OF CONTRACT against Ezra Ingraham and Joseph Hunt, described in the writ as " late partners under the firm of Ingraham & Hunt, stablers," for hay sold and delivered. Hunt was not served with process, and did not appear, and the trial proceeded in the court of common pleas against Ingraham alone.

It was proved or admitted that the defendants had been copartners in business in Providence, and on the 1st of February, 1852 dissolved partnership, and published notice that they had dissolved partnership, and that the business of the firm would be settled by Hunt. The only evidence offered of the origin of the debt was the testimony of one witness that the plaintiff in 1850 and 1851 delivered six or seven loads of hay at the defendants' stable, but the witness could not state the precise times and amounts. The defendant gave in evidence seven receipts of payment for as many loads of hay, dated in 1850 and 1851, and signed by the plaintiff.

*Ide v. Ingraham.*

The plaintiff then offered in evidence the following memorandum, written and signed by Hunt: "January 6th 1853. Due Timothy P. Ide fifty two dollars and twenty eight cents for balance of account. Ingraham & Hunt." There was no evidence that Ingraham had any knowledge of the signing and delivery of this memorandum; and the defendant objected to its admission in evidence. But *Hoar*, J. admitted it; and instructed the jury that "if from the whole evidence they were satisfied that there had been dealings between the plaintiff and the defendants, from which a balance of accounts might have resulted, equal to that stated in the paper of January 6th 1853, then an acknowledgment by one partner of the amount due upon such dealings would be evidence against both partners, although made after the dissolution; and that the receipts introduced by the defendant, although proof that the bills had been paid, were not conclusive, but might be rebutted or controlled by other proof, if the jury thought it sufficient." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*B. Sanford*, for the defendant. There was no other sufficient evidence of a debt existing before the dissolution of the partnership, to make the admission of one partner, in the absence of the other, evidence against the latter; especially as the partner who made the admission, not having been served with process, was not a party to the suit, and might have been called as a witness. *Cady* v. *Shepherd*, 11 Pick. 407. *Vinal* v. *Burrill*, 16 Pick. 401. *Smith* v. *Ludlow*, 6 Johns. 267. *Patterson* v. *Choate*, 7 Wend. 441. *Hopkins* v. *Banks*, 7 Cow. 650. *Owings* v. *Low*, 5 Gill & Johns. 144. *Shelton* v. *Cocke*, 3 Munf. 197. The paper offered does not purport to be an admission, by the partner making it, of a partnership debt, but an admission over the partnership name, which he was not authorized to use. *Whitman* v. *Leonard*, 3 Pick. 177. *Sanford* v. *Mickles*, 4 Johns. 224. *National Insurance Co.* v. *Norton*, 1 Hill, (N. Y.) 572. *Parker* v. *Macomber*, 18 Pick. 505.

*C. B. Farnsworth*, for the plaintiff.

By the Court. The instructions, we think, were correct

The only question which could arise is, whether the written memorandum made after the dissolution, by one of the partners, was admissible. Were it a new contract, or relied on as evidence to take the case out of the operation of the statute of limitations, there might be weight in the objection, even independently of Rev. Sts. c. 120, § 11. But being merely an acknowledgment of the balance due from the partnership, in a course of dealing with them, proved by other evidence, we think it was admissible; *Vinal* v. *Burrill*, 16 Pick. 406; especially as by a public notice, on dissolution, the partner who gave this acknowledgment was authorized by the partners to settle the business of the late firm. As it created no new obligation or liability, but was a mere acknowledgment on behalf of the firm, which the one making it had authority to make, it is difficult to perceive any objection to his using the signature of the firm.

*Exceptions overruled.*